In re George W. FULLER, Nora I. Fuller, Debtors.

Bankruptcy No. 7–93–01239–HPA–12.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Dec. 6, 1995.

Barry L. Proctor, Abingdon, VA, for Debtors.

S. Randall Ramseyer, Assistant U.S. Attorney, Western District of Virginia, Roanoke, VA, for Farmers Home Administration.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Before the Court is Debtors' Objection to Claim of Farmer's Home Administration ("FmHA") to determine the value of certain real estate, chattels, livestock and equipment and to conclude the secured status of the FmHA claim. For the reasons hereinafter stated, the Court determines the value of the Debtors' real property to be $83,750.00 and the value of the personal property to be $21,306.00. FmHA, holding a second deed of trust, is secured to the extent of value in the real property, subject to the first deed of trust held by SWVA Farm Credit in the amount of $16,933.94, as of July 1, 1994 and is further secured to the extent of value of the personal property.

The Debtors, George W. and Nora I. Fuller, submitted their own appraisal of the real estate and other personal property. FmHA also submitted an appraisal of the properties. However, neither appraisal appears to be greatly helpful for several reasons. First of all the FmHA's appraisal was not prepared by a disinterested party. Instead, the appraisal was prepared by their own employee, Paul Wray. Secondly, the Debtor's personal opinion as to the value of his property was inconsistent and vague. The Debtor's testimony at trial, along with his Second Amended Plan and letter briefs submitted to the Court, were contradictory as to the approximate value of the property. The Court had great difficulty in determining which statements and appraisals were accurate. In light of the discrepancy between the FmHA and the Debtor's estimates, the

Court determines the value of Debtors' property to be the average of the two appraisals.

The FmHA valued the Debtors' real estate to be $87,500.00. *(See FmHA Appraisal dated 8/11/93)*. The appraisal estimated the house, barns, and the shed to be valued at approximately $22,000.00 and valued the land at $65,500.00. The Debtors filed a second Amended Plan wherein they estimated the values of the real estate to be $80,000.00, which is fairly close to the FmHA's value. However, by letter dated February 28, 1995, the Debtors listed values much lower than the previous estimates, stating that the residential dwelling is valued at $24,200.00 and the "land" is approximately $500.00 per acre, which totals approximately $54,000.00. *(See Letter dated 2/28/95)*. The tax assessed value of the property was $76,000.00. Again, there exists a substantial inconsistency between the two statements and it is difficult for the Court to conclude which is accurate. Therefore, the Court, having determined that neither party's appraisal is completely reliable, takes the average of the two ($87,500 and $80,000) and calculates the value of the property, which includes the buildings, to be $83,750.00.

▮ Secondly, FmHA's appraisal indicates the value of the chattels/livestock is $29,200.00. The Debtors' letter brief dated September 1, 1995 values the chattels/livestock to be $6,730.00 and the equipment to be $6,700.00, totaling $13,430.00. This statement is different than Mr. Fuller's testimony in Court.[1] Taking the average of the two appraisals, ($29,200 and $13,430) the value of the personal property is $21,306.00.

▮ FmHA holds a second deed of trust on Debtors' property. SWVA Farm Credit is the only other secured creditor who has a prior interest to FmHA and their payoff, as of July 1, 1994, was $16,933.94. No other secured creditor has a prior interest in the personal property. Accordingly, it is

**ORDERED**

that the value of the real estate is $83,750.00 and FmHA is secured to the extent of the value of such property, subject to SWVa first deed of trust; that the value of the Debtors' personal property is $21,306.00 and FmHA is secured to the extent of the value of the property.

It is further

**ORDERED**

that FmHA's Motion to Dismiss and Objection to Claim is denied since it is clear that a Modified Plan must be filed; and, accordingly, the Debtors shall file a Modified Plan on or before February 1, 1996, and schedule same for hearing.

---

1. At hearing, Debtor testified that he owned 16 cows at $450.00 each, totaling $8,500.00. His letter dated September 1, 1995 lists the livestock as follows:

    16 cows (average weight 1,000 lbs.) @ $.30/lb.

    2 bred heifers (average weight 800 lbs.) @ $250.00 each

    8 open heifers (average weight 500 lbs.) @ $.32/lb.

    3 heifers (average weight 200 lbs.) @ $50.00 each

The total value of the livestock was valued at $6,730.00. The confusion rests in the fact that Debtor valued only 18 cows to be worth several thousand dollars more than what he values 16 cows plus 13 heifers to be. Furthermore, Debtor testified at the hearing that the value of the equipment was only $2,000.00, which is over $4,000.00 dollars less than his values stated in the September 1, 1995 letter brief.